NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| BECTON, DICKINSON AND COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>MARINA NGO TANG; ABC CORPORATIONS 1-5; and JOHN DOES 1-5,<br><br>Defendants. | Civil Action No. 24-11480<br><br>**OPINION AND ORDER**<br><br>December 30, 2024 |

**SEMPER**, District Judge.

The current matter comes before the Court on Becton, Dickinson and Company's ("BD" or "Plaintiff") Motion for Temporary Restraining Order and Preliminary Injunction. (ECF 4, "Motion.") Defendant Marina Ngo Tang ("Tang") has not yet appeared or filed an opposition. In light of the emergent relief sought by the Motion, the Court will address it without the benefit of Defendant's response. The Court has decided this motion upon the submissions of Plaintiff, without oral argument, pursuant to Federal Rule of Civil Procedure 78 and Local Rule 78.1. For the reasons stated below, Plaintiffs' Motion is **GRANTED**.

I.  **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**[1]

Plaintiff initiated the instant matter on June 28, 2024 by filing a Verified Complaint (ECF 1, "Compl.") and Motion for Temporary Restraining Order and Preliminary Injunction (ECF 4, Motion). Defendant Tang is a former Scientist 1 in BD's chemistry group. (Compl. ¶ 26.) She held

---

[1] The facts and procedural history are drawn from the Verified Complaint (ECF 1, Compl.) and Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction (ECF 4, Motion).

this position from January 3, 2023, until she informed BD on October 2, 2024 of her intention to resign, effective October 11, 2024. (*Id.* ¶¶ 26, 28.) On October 2 and continuing the following day, Tang transferred approximately five files containing BD confidential information to her personal email account. (*Id.* ¶¶ 29, 31.) At least one of the files transferred contains trade secrets and confidential information relating to a product that has not yet been released to the market. (*Id.* ¶¶ 91-92.)  Plaintiff seeks a temporary restraining order ("TRO") and preliminary injunction under Rule 65 of the Federal Rules of Civil Procedure (1) ordering the immediate return of BD's trade secret and confidential information; (2) ordering a forensic inspection by a third-party forensic expert approved by the Court to review Tang's personal devices and accounts for BD information, (3) enjoining Defendant from using and/or disclosing any of BD's trade secrets or other confidential information to any third party; and (4) ordering Tang to identify to BD her current or future employer so that BD may take steps to ensure that Tang does not disclose any BD confidential information to her current or future employer. The Court will partially grant Plaintiff's requested relief.

## II.     LEGAL STANDARD

Federal Rule of Civil Procedure 65 governs the issuance of temporary restraining orders and preliminary injunctions. In the Third Circuit, the four requirements Plaintiffs must satisfy to obtain the emergent injunctive relief sought are:

> (1) a reasonable probability of eventual success in the litigation, and (2) that [they] will be irreparably injured . . . if relief is not granted . . . . [In addition,] the district court, in considering whether to grant a preliminary injunction, should take into account, when they are relevant, (3) the possibility of harm to other interested persons from the grant or denial of the injunction, and (4) the public interest.

*Reilly v. City of Harrisburg*, 858 F.3d 173, 176 (3d Cir. 2017), *as amended* (June 26, 2017) (citing *Del. River Port Auth. v. Transamerican Trailer Transport, Inc.*, 501 F.2d 917, 919-20 (3d Cir. 1974) (internal citations omitted)). The Third Circuit has also made clear that "[p]reliminary

2

injunctive relief is 'an extraordinary remedy' and 'should be granted only in limited circumstances.'" *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir.1994)).

"[A] district court—in its sound discretion—should balance those four factors so long as the party seeking the injunction meets the threshold on the first two." *South Camden Citizens in Action v. N.J. Dep't of Envtl. Prot.*, 274 F.3d 771, 777 (3d Cir. 2001) (citing *Oburn v. Shapp*, 521 F.2d 142, 147 (3d Cir. 1975)). It follows that a "failure to show a likelihood of success or a failure to demonstrate irreparable injury must necessarily result in the denial of a preliminary injunction." *See id.* at 777 (citing *In re Arthur Treacher's Franchisee Litig.*, 689 F.2d 1137, 1143 (3d Cir. 1982)). As a threshold matter, the Court therefore considers the first two prongs together. "Only when a plaintiff has sufficiently met the first two prongs, does the Court consider the third prong relating to the possibility of harm to other parties and finally, evaluate whether public interest is served by granting injunctive relief." *Tanko v. Moore,* No. 23-2187, 2023 WL 3033573, at *1 (D.N.J. April 21, 2023) (internal citation and quotation marks omitted).

### III.  ANALYSIS

A party seeking a preliminary injunction must show: "(1) a likelihood of success on the merits; (2) that it will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Having considering Plaintiff's arguments raised in support of the application, the Court

finds that Plaintiff has made a sufficient showing to impose the temporary restraints and preliminary injunction.[2]

### A. Likelihood of Success

The party seeking a preliminary injunction must demonstrate a "reasonable probability of eventual success in the litigation." *Bennington Foods LLC v. St. Croix Renaissance, Group, LLP*, 528 F.3d 176, 179 (3d Cir. 2008). In evaluating whether a movant has satisfied this first part of the preliminary injunction standard, "[i]t is not necessary that the moving party's right to a final decision after trial be wholly without doubt; rather, the burden is on the party seeking relief to make a prima facie case showing a reasonable probability that it will prevail on the merits." *Oburn v. Shapp*, 521 F.2d 142, 148 (3d Cir. 1975).

Plaintiff has shown a likelihood of success on the merits.[3] It has made a prima facie showing that Defendant is in breach of the Becton, Dickinson and Company and its Affiliated Entities Agreement Regarding Protection of Proprietary Interests (the "Agreement") through her continued, post-employment possession of BD's trade secrets and confidential information. (Compl. ¶¶ 13-14.) On December 5, 2022 Defendant executed the Agreement containing confidentiality and non-disclosure obligations. (*Id.* ¶¶ 53, 70.) The Agreement provided that once Tang's employment with BD ended, she would "not use or disclose any Confidential Information for any purpose," defining "Confidential Information" as "any information about the Company's business or its employees that is not generally known to the public." (*Id.* ¶ 71.) Defendant also agreed that upon termination she would "[i]mmediately return all Confidential Information to BD."

---

[2] Because Plaintiff has not yet appeared and this matter was adjudicated on an expedited basis, Plaintiff is granted leave to file for reconsideration in order to submit arguments in opposition within 14 days.

[3] BD also argues likelihood of success on claims for Defend Trade Secrets Act of 2016 ("DTSA"), the New Jersey Trade Secrets Act ("NJTSA"), breach of duty of loyalty, and conversion. The Court does not analyze likelihood of success on the merits for the remaining claims and grants the motion on the basis of the breach of contract claim.

(*Id.* ¶ 72.) In refusing to return the files, Defendant violates several provisions of the Agreement. To prevail on this motion, Plaintiff is not required to prove its case; it need only show a likelihood, or "reasonable probability," that it will prevail based on its allegations. It has done so here.

### B. Irreparable Harm

The Court likewise finds that Plaintiff has met its burden of demonstrating irreparable harm that will result if restraints are not imposed at this time. Where a party is in possession of another party's confidential information and is poised to use or disclose such information, there is a likelihood of irreparable harm. *See, e.g.*, *Jackson Hewitt Inc. v. Cline*, No. 14-6931, 2015 WL 6687545, at *4 (D.N.J. Oct. 29, 2015); *see also Ace Am. Ins. Co. v. Wachovia Ins. Agency Inc.*, 306 F. App'x 727, 732 (3d Cir. 2009) (noting that "disclosure of confidential information or trade secrets may constitute irreparable harm") (citing *Campbell Soup Co. v. ConAgra, Inc.*, 977 F.2d 86, 92 (3d Cir. 1992)). This type of irreparable harm flows both from Defendant's failure to return all client files and from Defendant's potential use-or inevitable disclosure-of information contained therein. *Jackson Hewitt*, 2015 WL 6687545, at *4. That such circumstances may constitute irreparable harm is not only recognized by New Jersey law, but was expressly recognized by both parties in agreeing to the terms of the Agreement. Thus, Plaintiff has succeeded in demonstrating the existence of immediate irreparable harm.

### C. Balance of Hardships & Public Interest

The Court also finds that Plaintiff has satisfied the remaining two factors: the balancing of hardships and the public interest. The Court "must 'balance the hardships' to ensure that the injunction does not harm the defendants more than denial of the injunction would harm the plaintiff." *Nat'l Reprographics, Inc. v. Strom*, 621 F.Supp.2d 204, 230 (D.N.J. 2009). Here, the Court finds that the hardship Plaintiff will suffer outweighs any hardship to Defendant. Enjoining

Defendant from using and/or disclosing any of BD's trade secrets or other confidential information to any third party is reasonable.

Lastly, the public interest is not at risk in the instant case. The public would not be impacted by the restraints proposed here. Moreover, "the public has an interest in upholding freely negotiated and reasonable business contracts." *Nat'l Reprographics, Inc. v. Strom*, 621 F.Supp.2d at 229. As such, the public interest is best served by holding Defendant to the reasonable terms of the Agreement.

### IV. CONCLUSION

For the reasons stated above, Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (ECF 4) is **GRANTED**.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendant is enjoined and restrained from using and/or disclosing any of BD's trade secrets or other confidential information to any third party.

**IT IS SO ORDERED.**

*/s/ Jamel K. Semper*
**HON. JAMEL K. SEMPER**
**United States District Judge**

Orig: Clerk
cc:   André M. Espinosa, U.S.M.J.
      Parties