UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| BECTON, DICKINSON AND COMPANY, | Civil Action No. 24-11480-MEF-AME |
| Plaintiff, | **OPINION and ORDER** |
| v. |  |
| MARINA NGO TANG, |  |
| Defendant. |  |

**ESPINOSA, U.S.M.J.**

This matter comes before the Court upon the application by Becton, Dickinson and Company ("Plaintiff") for an order compelling pro se defendant Marina Ngo Tang ("Defendant") to respond to various interrogatories and requests for production as set forth in Plaintiff's July 11, 2025 dispute letter [D.E. 57]. Defendant opposed the application by letter filed July 11, 2025 [D.E. 62]. The Court has carefully considered the parties' arguments. For the following reasons, Plaintiff's application is granted in part and denied in part.

On December 27, 2024, Plaintiff, a medical technology company, filed this action for misappropriation of trade secrets against Defendant, a scientist and former employee. Plaintiff alleges that, shortly before Defendant's voluntary resignation in or about October 2024, Defendant wrongfully transferred and/or downloaded to her personal electronic storage accounts and/or devices various documents and other materials containing Plaintiff's trade secret, confidential, and/or proprietary information. *See* Compl. ¶¶ 23-32. On December 30, 2024, the District Court granted, in part, Plaintiff's motion for a preliminary injunction with temporary restraints, enjoining Defendant "from using and/or disclosing any of [Plaintiff's] trade secrets or other confidential information to any third party." D.E. 10, at 6. Thereafter, Defendant moved for

relief from the injunction. In her motion, she conceded that she is in possession of various files containing sensitive information about Plaintiff, including documents she took while employed by Plaintiff. However, Defendant argued she must be permitted to use the documents in connection with a potential whistleblower complaint to government agencies concerning Plaintiff's allegedly unlawful practices and/or in connection with her own potential lawsuit seeking redress for allegedly unlawful employment misconduct. Upon consideration of Defendant's motion, and Plaintiff's response thereto, the District Court partially modified the injunction by Order entered on August 25, 2025. *See* D.E. 67. The modified injunction permits Defendant to disclose documents containing Plaintiff's trade secret, confidential, and/or proprietary information to a governmental agency or an attorney solely for the purpose of investigating a potential violation of law. However, Defendant remains enjoined from using Plaintiff's confidential information for any other purpose and from any disclosure or dissemination of the materials to any other third party.

     This dispute stems from written discovery requests Plaintiff served pursuant to this Court's Orders of February 20, 2025, and April 4, 2025, and Federal Rules of Civil Procedure 33 and 34. In particular, Plaintiff asserts that Defendant's responses to several interrogatories and document requests remain outstanding or deficient, for the reasons described in its July 11 dispute letter, and seeks an order compelling Plaintiff to respond to the identified discovery demands. Plaintiff, in response, argues that, as to certain demands, full and sufficient responses have already been provided. As to others, she opposes the discovery requests as irrelevant, burdensome, overbroad, and/or seeking privileged information.

Because this dispute pertains to the scope and nature of Plaintiff's discovery requests, the Court applies the governing standard set by Federal Rule of Civil Procedure 26(b)(1), which provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Relevance must be evaluated based on the claims and defenses pled in the operative pleadings. *See Castellani v. City of Atl. City*, 102 F. Supp. 3d 657, 663 (D.N.J. 2015). However, "'the question of relevancy [under Rule 26(b)] is to be more loosely construed at the discovery stage than at the trial.'" *Id.* (quoting *Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J.1990)).

When objections to discovery are raised, the party seeking discovery must demonstrate, as an initial matter, that the information sought falls within the permissible scope of discovery under Federal Rule of Civil Procedure 26(b). *Caver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000); *see also Cordero v. Warren*, No. 12-2136, 2016 WL 8199305, at *2 (D.N.J. Oct. 4, 2016), *aff'd* 2017 WL 2367049 (D.N.J. May 31, 2017). It is "well recognized that the federal rules allow broad and liberal discovery." *Pacitti v. Macy's*, 193 F.3d 766, 777-78 (3d Cir. 1999). Additionally, the Court has ample discretion to decide matters of discovery. *See United States v. Washington*, 869 F.3d 193, 220 (3d Cir. 2017).

Applying the foregoing standard, the Court addresses each disputed request as follows.

1. Interrogatory 3 of Plaintiff's First Set:

Plaintiff requests Defendant identify each communication or email involving an individual employed by Plaintiff. Defendant does not contest the relevance of this request but states she has responded by producing her personal journal, which she maintains "includes all the communications and e-mails that are evidence of discrimination." Def. ltr. at 1. Defendant's response is deficient. This interrogatory does not limit the communications it seeks to those relating to alleged discrimination against Defendant. Rather, its scope is focused on developing Plaintiff's affirmative claims and not on Defendant's discrimination allegations, as asserted in her Answer.[1] The Complaint alleges that as Defendant was leaving her employment, she improperly accessed, downloaded, and transferred to her personal device(s) Plaintiff's trade secret, confidential, and/or otherwise sensitive documents. This interrogatory concerns Defendant's communications and conduct around the time of her resignation and is thus relevant and proportional to Plaintiff's claims. Defendant's reliance on her journal as a response to the interrogatory fails to comply with Federal Rule of Civil Procedure 33(b)(3)'s requirement that answers be made fully and in writing. Although Rule 33(d) permits a party to produce business records in lieu of a full, written response to an interrogatory, that provision does not apply here. Defendant shall supplement her response to this request.

2. Interrogatory 1 of Plaintiff's Second Set

As requested, Defendant must identify any and all of her email addresses, screen names, social media accounts, and other digital identities she maintains. Defendant's refusal to respond to this request based on invasion of privacy is improper. She has put her personal digital

---

[1] To be clear, although her Answer contains allegations concerning employment discrimination, Defendant has asserted no formal counterclaim in this action. In a separate action, Defendant submitted a Complaint asserting employment discrimination claims, but that Complaint is not active for failure to pay the filing fee. *See* 25cv3859.

accounts at issue, at least insofar as their existence, by admittedly downloading and/or transferring to her personal email account various sensitive documents belonging to Plaintiff. Identification of those accounts and other similar information falls within the broad scope of discoverable information under Rule 26. Any privacy concerns Defendant has may be mitigated by responding to this request under the protections afforded by the Discovery Confidentiality Order [D.E. 65]. Defendant shall respond to this request.

    3.    Interrogatory 2 of Plaintiff's Second Set

This interrogatory seeks identification of individuals with knowledge of facts relevant to this action, together with a description of the nature and extent of that knowledge. It is largely duplicative of the type of information required in a Rule 26 disclosure, and indeed Plaintiff notes that Defendant represented, on the record of the June 27, 2025 status conference, that she would rely exclusively on the individuals identified in her disclosure. Defendant does not dispute this representation. Accordingly, insofar as she has not done so, Defendant shall confirm such response in writing, as required by Rule 33(b).

    4.    Interrogatory 3 of Plaintiff's Second Set

This interrogatory seeks identification of all documents and/or oral communications relating to the claims or defenses in this litigation. Defendant maintains this response has been provided in her initial disclosures. Defendant shall conduct a diligent search of her records to ensure that her response is complete and, if not, shall identify any additional documents and/or communications known to her. Insofar as Defendant might assert that no further responsive information is known to her, beyond what has already been identified, she shall so confirm in writing, as required by Rule 33(b).

5. Interrogatory 8 of Plaintiff's Second Set

This interrogatory seeks identification of any expert witness(es) on which Defendant intends to rely, along with the related disclosures required by Rule 26(a)(2). Plaintiff acknowledges Defendant has already identified two expert witnesses but has not provided further information, including the subject matter on which the experts will testify, their qualifications, and their reports. Defendant represents these disclosures will be forthcoming once reports are prepared. The Court finds that, as litigation has not yet reached the expert discovery phase, Defendant's commitment to supplement her expert disclosures suffices as a response for the time being. In other words, a dispute over the sufficiency of Defendant's expert disclosures is premature.

6. Interrogatory 11 of Plaintiff's Second Set

This interrogatory asks Defendant to identify each attorney with whom she has discussed this litigation. Plaintiff responds that she has not hired an attorney and, moreover, objects to any further response as invading attorney-client privilege. The Court finds that, while the privilege does not apply, as Plaintiff's interrogatory does not seek disclosure of any communications between Defendant and an attorney, Plaintiff has failed to demonstrate how the information sought is relevant and proportional to either its claims of misappropriation of trade secrets and/or Defendant's asserted defenses that she took the documents for the purpose of launching an investigation into Plaintiff's practices and/or bringing a private action. Accordingly, no further response to this interrogatory is required.

7. Interrogatory 16 of Plaintiff's Second Set

This interrogatory asks Defendant to identify any employer for whom she worked after her resignation from employment with Plaintiff. Plaintiff maintains this information is relevant

6

because Defendant wrongfully took confidential documents from Plaintiff that might be of great value to a competitor and cause Plaintiff harm if disclosed. Thus Plaintiff, has a legitimate concern, related to its misappropriation claim, that Defendant may share those documents and/or information with an employer that competes with Plaintiff. Although Plaintiff's concern is to some extent mitigated by the preliminary injunction barring Defendant from sharing the confidential documents with almost all third parties, the Court finds that identification of Defendant's post-resignation employers falls within the broad scope of discoverable information in this action. Defendant argues that Plaintiff's request for such information amounts to tortious interference with her current and future employment, but the mere disclosure of employer names, without pursuit of any third-party discovery, does not threaten to cause Defendant any undue burden or harassment. Defendant shall respond to this request.

8. Document Requests

The requests at issue are as follows: #2 documents relating to BD's products or services; #19 documents Defendant submitted to any prospective employer from 2024 to present; #20 all versions of Defendant's resume; #26 documents identified in Defendant's initial disclosures; #38-55 documents concerning statements made in Defendant's Answer; #58 communications between Defendant and Plaintiff's past or present employees relating to this action; #60 communications between Defendant and any individual identified in her initial disclosures; and #62 any emails from Defendant's "Becton Dickinson" email account to her personal email account chemvitae@gmail.com. These requests appear to be focused on discovering the full range of confidential and/or proprietary information Defendant improperly took while employed by Plaintiff and identifying any third parties, including prospective and/or current employers, to which Defendant may have disclosed or may potentially disclose the information,

notwithstanding the injunction in place. In view of the Complaint's allegation that Defendant downloaded at least five identified documents from Plaintiff's files to her personal email account, and Defendant's admission that she did so, albeit for what she contends is a legitimate purpose, the Court concludes the foregoing document requests fall within the scope of relevance under Rule 26(b) and further concludes that the requests, while broad, are proportional to the needs of this case. Thus, Defendant shall respond to the requests and produce documents and/or supplement her production, as applicable.

In that regard, the Court notes that Defendant's response to request # 62 is patently deficient. Defendant's opposition to this application for an order to compel states she has already provided the personal email address she used to transfer and store Plaintiff's trade secret, confidential, and/or proprietary documents. She argues that any further production calls for an improper "fishing expedition" and that Plaintiff is essentially demanding she return the documents, relief the Court did not include in the preliminary injunction. *See* Def. Ltr. at 3. This argument is unavailing. Merely providing Defendant's personal email address is not responsive to request #62. Moreover, the request for production of any and all documents Defendant transferred to her personal email account does not amount to a demand for Defendant's return of the documents nor a prohibition from using the documents for the limited purpose permitted by the Court's modified preliminary injunction. It simply seeks identification and production of documents Defendant transferred from Plaintiff's files and in her possession, a request that goes to the core of this action for misappropriation of trade secrets. Thus, the Court emphasizes that Plaintiff's request #62 falls within the proper scope of discovery.

Defendant shall accordingly conduct a diligent search for all documents in her custody or possession that are responsive to the requests enumerated above and shall produce them to

Plaintiff in accordance with Rules 26 and 34. Moreover, the response must comply with Rule 26(g), which requires a party to sign her response, thereby certifying that it is complete and correct at the time made, after having conducted a reasonable inquiry for the material requested. Insofar as Defendant may have concerns with protecting the confidentiality of any such documents, she may mark the documents confidential in accordance with the Discovery Confidentiality Order.

Failure to comply with her obligation to produce documents, particularly those in response to request #62, may warrant granting Plaintiff leave to make a renewed request to conduct a forensic examination of Plaintiff's personal email account and/or devices, as applicable, in accordance with Rule 26 and this District's caselaw. *See* Fed. R. Civ. P. 26(b); *see also Korotki v. Cooper Levenson, April, Niedelman & Wagenheim, P.A.*, Civ. No. 20-11050, 2022 WL 2191519, at *6 (D.N.J. June 17, 2022) (observing that, while a discovery request for forensic examination of a party's electronic devices or information systems is not routinely granted, it may be warranted in some circumstances where there is a demonstration of a close relationship between the plaintiff's claims and the electronic devices). In other words, Defendant has a simple choice: she can either voluntarily produce a copy of the emails and documents she sent from her "Becton Dickinson" account to her personal account, or, upon Plaintiff's application supported by legal authority and a factual foundation, the Court may be persuaded to permit a search of Defendant's personal device(s) or account(s) through a third-party forensic examiner.

Accordingly, for the foregoing reasons,

**IT IS** on this 21st day of November 2025,

**ORDERED** that Plaintiff's application for an order to compel Defendant's response to various written discovery requests, as enumerated in its July 11, 2025 letter [D.E. 57] is **GRANTED IN PART and DENIED IN PART**; and it is further

**ORDERED** that, no later than December 19, 2025, Defendant shall serve responses to interrogatories and produce documents in accordance with the findings and directives set forth in this Opinion; and it is further

**ORDERED** that the interrogatories shall be answered fully in writing and under oath and shall be accompanied by Defendant's signed verification of the responses, as required by Rule 33(b). This directive applies to previously produced interrogatory answers and any answers to be provided going forward. Accordingly, insofar as responses have already been served but not signed as required by Rule 33(b)(5), Defendant shall serve a signed verification no later than December 19, 2025; and it is further

**ORDERED** that Defendant's response to the document requests shall be made upon a reasonably diligent search of all files, documents, and materials in her possession or control, including electronically stored information, and the documents shall be produced together with a signature certifying the response complies with Rule 26(g).

                                             /s/ *André M. Espinosa*
                                            ANDRÉ M. ESPINOSA
                                            United States Magistrate Judge