<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| BECTON, DICKINSON AND COMPANY, | :<br>:    **Civil Action No. 24-11480-MEF-AME**<br>: |
| Plaintiff, | :<br>: |
| v. | :<br>:    **OPINION and ORDER**<br>: |
| MARINA NGO TANG, | : |
| Defendant. | : |

**ESPINOSA, U.S.M.J.**

This matter comes before the Court on the motion by pro se defendant Marina Ngo Tang ("Defendant") for recusal of this Court [D.E. 72]. Plaintiff Becton, Dickinson and Company ("Plaintiff") opposes the motion. The Court has carefully considered the parties' arguments. For the following reasons, Defendant's motion is denied.

**I.    BACKGROUND**

This is an action for misappropriation of trade secrets, in which Plaintiff alleges Defendant, its former employee, unlawfully downloaded and/or transferred several documents containing sensitive, proprietary, and/or confidential information belonging to Plaintiff. *See* D.E. 1. Upon filing this action on December 27, 2024, Plaintiff immediately moved for a preliminary injunction with temporary restraints to prevent Defendant from disseminating the documents and to require their return to Plaintiff. *See* D.E. 4. The District Court granted the motion in part, enjoining Defendant from disclosing Plaintiff's trade secrets or other confidential information to any third party. *See* D.E. 10. Subsequently, the District Court denied Defendant's motion to lift

the injunction but carved out a narrow exception permitting her to disclose the documents solely for the purpose of communication with a government agency and/or with an attorney. *See* D.E. 66.

Apart from the matters concerning injunctive relief, litigation proceeded in the ordinary course. On April 4, 2025, this Court entered a Pretrial Scheduling Order directing the parties to engage in discovery in accordance with the Federal Rules of Civil Procedure and this District's Local Civil Rules. *See* D.E. 43. Thereafter, at Plaintiff's request, the Court entered a Discovery Confidentiality Order ("DCO") that conformed with the model order in Appendix S to Local Civil Rule 5.3. *See* D.E. 65. The Court also held various on-the-record case management conferences and addressed discovery disputes. Written discovery remained ongoing when Defendant filed this motion for recusal on December 22, 2025.

## II.   DISCUSSION

### A.  The Recusal Motion

Defendant bases this motion on the Court's purported bias against her, which she asserts has been manifested in three ways. First, Defendant contends this Court's orders demonstrate favoritism towards Plaintiff. She maintains the Court revealed its bias by entering the DCO without considering her objections. *See* Tang Aff. at 5. Defendant also points to the November 21, 2025 Opinion and Order, in which the Court directed her to cure certain deficient responses to interrogatories and document demands (the "November 21 Order"). Defendant contends the Court's decision shows it has already reached a decision on the merits of this action, concluding Plaintiff's allegations are true based on nothing more than speculation and false accusations against her. Moreover, she expresses disagreement with the rulings made in the November 21 Order, stating they essentially authorize Plaintiff to conduct a fishing expedition. *Id.* at 5-6.

Second, Defendant contends this Court's has displayed "openly hostile" behavior towards her during telephonic status conferences. Mot. at 2. In her own words, Defendant has described her experience as follows:

> Magistrate Espinosa must be disqualified because he has yelled at me during telephonic conferences, bullied me, told me to keep quiet, he has kicked me out of a telephonic conference. He would speak over me by yelling when I state that BD is in violation of the code of FDA regulations so it won't be on record. He wants to silence me to make BD look innocent and satisfy their attorney.

*Id.* at 6. *See also* Tang Aff. at 3.

Third, Defendant asserts this Court has an interest in the outcome of this action and assists Plaintiff in the prosecution of its claims. She maintains the Court has been trying to control the litigation on Plaintiff's behalf and, to that end, has engaged in *ex parte* conversations with its attorney. Tang Aff. at 6. According to Defendant, the Court has been extending preferential treatment to Plaintiff, "aggressively advocating for [Plaintiff's counsel's] requests" yet "silencing [Defendant] during our past telephonic conferences." Mot. at 2. Defendant further states this Court "is openly helping [attorney] Daniel Levy and Becton Dickinson to frame me and defame me." Tang Aff. at 6.

### B. Legal Standard

The standard governing disqualification of a federal judge for personal bias or prejudice is set forth by 28 U.S.C. § 144.[1] That statute states:

> Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding.

---

[1] Although Defendant relies on New Jersey Court Rule 1:12-2 in seeking recusal due to lack of impartiality, that rule governing procedure in state court does not apply to this federal court. *Platt v. Freedom Mortg. Corp.*, Civ. No. 10-968, 2010 WL 4810652, at *4 (D.N.J. Nov. 16, 2010) ("[T]he New Jersey Court Rules are inapplicable in this United States District Court.").

To establish a judge's disqualification for bias is warranted under Section 144, the moving party must file an affidavit that states with particularity material facts that "would convince a reasonable person that a bias exists" and "show that the bias is personal, as opposed to judicial, in nature. *United States v. Thompson*, 483 F.2d 527, 528 (3d Cir. 1973). *See also Liteky v. United States*, 510 U.S. 540, 555 (1994) ("opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."). The movant bears a "'substantial burden … to demonstrate that the judge is not impartial.'" *Clauso v. Bonds*, Civ. No. 18-12217, 2022 WL 92803, at *1 (D.N.J. Jan. 10, 2022) (quoting *Frolow v. Wilson Sporting Goods Co.*, Civ. No. 05-04813, 2011 WL 1337513, at *2 (D.N.J. Apr. 7, 2011)).

### C.  Analysis

Here, Defendant fails to meet this heavy burden. Her motion and supporting affidavit generally object to the Court's discovery decisions, application of the Federal Rules of Civil Procedure, and overall case management but do not identify with particularity any action or statement by the Court demonstrating a personal bias against her. Rather, Defendant interprets rulings she considers unfavorable as proof the Court is actively assisting Plaintiff in the prosecution of its claims, taking issue with the Court's entry of the DCO and the November 21 Order. However, nothing about these discovery orders is remarkable, much less indicative of any favoritism towards Plaintiff or antipathy towards Defendant. What the orders appear to have in common is that they grant relief sought by Plaintiff.

Defendant is especially critical of the Court's November 21 Order insofar as it directs her to identify and produce all documents she downloaded and/or transferred from Plaintiff's files to

her personal storage and warns she may face a renewed request by Plaintiff for a forensic examination of her email account and/or appropriate electronic devices if she fails to respond to the discovery request. Indeed, she filed this motion for recusal one month after the Court directed her to cure certain deficiencies in her discovery responses. Because the November 21 Order speaks for itself, the Court will not elaborate here on its reasoning for the rulings made therein. It suffices to say that the Court's November 21 Order was based on careful consideration and application of the discovery standard set by Rule 26(b). Defendant's disagreement with the Court's rulings fails to establish a basis for recusal. *See Jacobsen v. Citi Mortg. Inc.*, 715 F. App'x 222, 223 (3d Cir. 2018) ("Adverse legal rulings are not proof of prejudice or bias, and are almost never a basis for recusal.") (citing *Liteky*, 510 U.S. at 555).

Insofar as Defendant argues recusal is warranted based on this Court's display of hostility towards her and purported conspiratorial conduct with Plaintiff, her assertions are simply unfounded. The transcripts of the various case conferences reflect that this Court has explained appropriate procedure at length, in view of Defendant's status as a pro se litigant, and encouraged her to assert claims she brought against Plaintiff in a subsequently filed action, docketed as 25cv03859, as counterclaims in this action rather than proceeding separately.[2] It appears Defendant has misinterpreted that discussion and other case management conferences as an effort by the Court to prevent her from defending against Plaintiff's claims and from pursuing her own affirmative relief.

Defendant's allegations of being bullied and improperly silenced by this Court similarly reflect a misunderstanding of the enforcement of basic judicial norms, in which all parties— whether they appear through counsel or pro se—are expected to maintain appropriate decorum,

---

[2] That second action remains open but in its earliest stages, as the filing fee was not paid until January 2026. *See* 25cv03859.

speak in turn without interrupting each other and the Court, and refrain from *ad hominem*

attacks. Additionally, Defendant's accusations of *ex parte* communications between the Court

and Plaintiff in furtherance of a concerted attempt to steer this action in Plaintiff's favor are

completely baseless and pure imagination. "Recusal is not required on the grounds of

unsupported, irrational, or highly tenuous speculation." *In re Burnett*, 740 F. App'x 235, 236 (3d

Cir. 2018) (cleaned up).

### III.    CONCLUSION AND ORDER

For the foregoing reasons, Defendant has failed to demonstrate this Court must recuse

itself under Section 144. Accordingly,

**IT IS** on this 31st day of March 2026,

**ORDERED** that Defendant's motion for recusal of this Court [D.E. 72] is **DENIED**.

　　　　　　　　　　　　/s/ *André M. Espinosa*
　　　　　　　　　　　　ANDRÉ M. ESPINOSA
　　　　　　　　　　　　United States Magistrate Judge